**No. 04-1389**
File Name: 06a0136n.06
Filed: February 21, 2006

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| RODOLFO DEL BOSQUE, | ) |
| | ) |
|   Petitioner-Appellant, | ) |
| | ) ON APPEAL FROM THE |
|    v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| UNITED STATES OF AMERICA | ) DISTRICT OF MICHIGAN |
| | ) |
|   Respondent-Appellee. | ) |

Before: **NELSON**, **DAUGHTREY**, and **ROGERS**, Circuit Judges.

**DAVID A. NELSON**, Circuit Judge. The petitioner, a federal prisoner, moved to

vacate his sentence under 28 U.S.C. § 2255. The district court denied the requested relief,

and the petitioner now appeals. The question presented is whether the one-year limitations

period established by § 2255 should be equitably tolled so that the petitioner's motion may

be considered on the merits. Upon de novo review, we answer this question in the negative.

The denial of the motion to vacate will be affirmed.

I

A federal grand jury in the Eastern District of Michigan charged Rodolfo Del Bosque,

the petitioner herein, with conspiracy to possess marijuana with intent to distribute it. Mr.

Del Bosque moved for a change of venue to the Southern District of Texas, and the district court denied the motion. Mr. Del Bosque then entered a plea of guilty pursuant to a plea agreement that — as he was well aware — reserved his right to challenge the "legal and/or factual sufficiency of venue in the Eastern District of Michigan." He received a statutory minimum sentence of 120 months of imprisonment.

Mr. Del Bosque's lawyer filed a timely notice of appeal. About a month before the appellant's brief was due to be filed, however, and acting with his client's express approval, the lawyer moved for leave to withdraw. Our court promptly granted the motion and reset the briefing schedule, giving Mr. Del Bosque two additional weeks in which to file a pro se brief. Del Bosque never filed the brief, and on April 10, 2000, the court dismissed the appeal for want of prosecution.

Mr. Del Bosque's co-conspirator, Lee Williams, was convicted by a jury in the Eastern District of Michigan after he, too, had moved unsuccessfully for a change of venue. But on December 20, 2001, this court reversed the conviction on the ground that venue was improper. See *United States v. Williams*, 274 F.3d 1079, 1085 (6th Cir. 2001).

On November 3, 2003, Del Bosque moved to vacate his sentence under 28 U.S.C. § 2255. Citing our *Williams* decision, Del Bosque argued that venue was improper in his case as well. (The government now concedes the merit of this argument.) The district court denied the motion on procedural grounds, holding among other things that the one-year

limitations period established by § 2255 had long since expired and that the doctrine of equitable tolling was not applicable.[1]

Mr. Del Bosque filed a timely notice of appeal. The district court declined to issue a certificate of appealability, but this court granted a certificate as to two issues: (1) whether Del Bosque's motion to vacate is barred by the statute of limitations, and (2) whether venue was improper in the Eastern District of Michigan.

II

Except in circumstances that are not presented here, a motion to vacate under 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." Mr. Del Bosque's conviction became final no later than July 9, 2000, which was 90 days after the dismissal of his direct appeal. His § 2255 motion — filed on November 3, 2003 — was at least 28 months late.

The "statute of limitations in § 2255 is subject to equitable tolling." *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). But the doctrine of equitable tolling is used "sparingly" — typically "only when a litigant's failure to meet a legally-mandated deadline

---

[1] The district court held further that Mr. Del Bosque had defaulted his improper-venue claim by failing to raise it on direct appeal and that improper venue is not a "fundamental defect" of the type that warrants relief under § 2255. Under the certificate of appealability described in the following paragraph, those holdings are beyond the scope of our review.

unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337

F.3d 638, 642 (6th Cir. 2003).

> In deciding whether to apply the doctrine in a § 2255 case, we consider five factors:
>
> "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008.

"The petitioner bears the burden of demonstrating that he is entitled to equitable tolling."

*McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Upon consideration of the factors listed above, we conclude that Mr. Del Bosque has

failed to carry his burden. We presume that he had access to a law library and therefore had

at least constructive knowledge of the one-year limitations period for § 2255 motions. He

could not reasonably have remained ignorant of the filing requirement until November of

2003, in our view, and the record does not show that he acted diligently to pursue his rights.

It is undisputed that Del Bosque knew about the venue issue since before he entered his

guilty plea. He did not know the issue was a sure winner until after *Williams* was decided,

but he was not entitled to sleep on his rights until the *Williams* panel acted. Moreover, Del

Bosque did not file his motion to vacate until the *Williams* decision was nearly two years old.

He has not adequately explained his failure to seek § 2255 relief sooner.[2]

---

[2]The government may not have been prejudiced much by Mr. Del Bosque's dilatoriness. But absence of prejudice is not an independent basis for applying the doctrine of equitable tolling, and it should not be considered unless other factors support application

Mr. Del Bosque suggests in his reply brief that equitable tolling should be applied in this case to allow correction of "a complete miscarriage of justice" — *i.e.*, his conviction in a judicial district where venue was improper. But under *Dunlap* and its progeny the applicability of equitable tolling turns on whether the untimeliness of a motion to vacate is excusable, not on whether the claims asserted therein have merit. The reply brief further suggests, for the first time, that we should attach some significance to the fact that this is not a capital case. We decline the suggestion.

The denial of the motion to vacate is **AFFIRMED**.

---

of the doctrine. See *Dunlap*, 250 F.3d at 1009; *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).