**UNITED STATES of America,
Plaintiff,**

v.

**Wayne Andre GOODRUM, Defendant.**

**Nos. 5:07 CV 2682, 5:01 CR 0259.**

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 5, 2008.

---

Wayne Andre Goodrum, Glenville, WV, pro se.

Nancy L. Kelley, Office of the U.S. Attorney, Northern District of Ohio, Akron, OH, for U.S.

*MEMORANDUM OF OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255*

LESLEY WELLS, District Judge.

Proceeding *pro se,* defendant Wayne Andre Goodrum ("Mr. Goodrum" or "Defendant" or "Petitioner") petitioned the Court on 4 September 2007, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 105). Mr. Goodrum maintains his sentencing designation as a career criminal offender under United States Sentencing Guidelines (U.S.S.G.) § 4B1.1 was the result of ineffective assistance of counsel. (Doc. 111). Specifically,

Mr. Goodrum asserts his counsel failed to assure the accuracy of his career offender status, as evidenced by the alteration of the Pre–Sentence Investigation Report ("PSI") shortly after Mr. Goodrum's 20 December 2002 sentencing hearing when the government, pursuant to U.S.S.G. 4A1.1(a) amended a prior aggravated trafficking conviction to show one criminal history point rather than the three criminal history points it formerly carried.

In opposition, the government contends Mr. Goodrum's plea for relief is time-barred and the PSI alteration had no bearing on the Petitioner's career offender status. (Doc. 108). Specifically, the government maintains the alteration of the PSI cannot be construed as "new evidence" and thus Mr. Goodrum's § 2255 petition, filed more than 28 months after the Sixth Circuit issued the mandate on his appeal, exceeds the one-year statute of limitations. Further, the government alleges the PSI alteration of Mr. Goodrum's criminal history category fails to substantively impact his career offender status pursuant to U.S.S.G. §§ 4A1.1, 4A1.2 & 4B1.1. The government contends Mr. Goodrum's two prior aggravated trafficking convictions, in which the Petitioner received an imposed sentence of over one year and one month, qualify him for career offender status, a position announced to Mr. Goodrum on 14 November 2001 by Information (Doc. 41), and agreed to by the Petitioner in his Rule 11 plea agreement (Doc. 43).

For the reasons set forth below, Mr. Goodrum's petition for relief under 28 U.S.C. § 2255 will be denied.

### I. Background

The record indicates the Mr. Goodrum was indicted on 13 June 2001, along with two co-defendants, in a three-count Indictment charging conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 (Count 1), and

with distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 2 & 3). (Doc. 9).

Upon the basis of a written plea agreement, pursuant to Fed.R.Civ.P. 11(e)(1)(B), Mr. Goodrum entered a plea of guilty to Count 1 of the Indictment on 14 November 2001. In the plea agreement, Mr. Goodrum agreed to a base offense level of 32 and to a career offender adjustment, pursuant to U.S.S.G. § 4B1.1, which resulted in a criminal history category of VI.[1] The government filed a 21 U.S.C. § 851 enhancement due to a prior felony drug conviction and agreed to forego the filing of an enhancement for a second prior felony drug conviction which would have increased Mr. Goodrum's mandatory minimum sentence to life imprisonment. The government also agreed to move the Court for a three-level downward departure to reflect Mr. Goodrum's "substantial assistance," pursuant to U.S.S.G. § 5K1.1.

According to the pre-sentence investigation report, Mr. Goodrum's past conduct resulted in seven criminal history points and a criminal history category of IV. The Probation Officer later reduced Mr. Goodrum's criminal history points to five, pursuant to U.S.S.G. 4A1.1(c), resulting in a criminal history category of III. However, Mr. Goodrum's career offender status resulted in a criminal history category of VI, pursuant to U.S.S.G. 4B1.1. After consideration of the chapter four enhancements and adjustment for acceptance of responsibility, Mr. Goodrum's total offense level was 34, with a criminal history category of VI. Mr. Goodrum's sentencing range was between 262 and 327 months.

On 20 December 2002 the Court sentenced Mr. Goodrum to 188 months imprisonment, followed by five years of supervised release. The sentence followed the terms of the plea agreement and awarded Mr. Goodrum a 3–level downward departure pursuant to U.S.S.G. § 5K1.1. Mr. Goodrum's two co-defendants—John F. Williams and James Robinson—received sentences of 150 months and 210 months respectively.

Mr. Goodrum appealed his sentence to the Sixth Circuit Court of Appeals on 8 January 2003. On 19 April 2005, the Sixth Circuit returned a mandate affirming his sentence from the Court. On 19 July 2005, the statute of limitations began to run on Mr. Goodrum's § 2255 petition.

Mr. Goodrum filed his § 2255 petition on 4 September 2007, nearly 26 months after the clock began to run on his § 2255 petition.

## II. Law and Argument

Section 2255 permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

---

1. Under the United States Sentencing Guidelines § 4B1.1, a defendant is a career offender if he is (1) at least eighteen years old at the time of the offense, (2) the instant offense is a felony conviction that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. The Guidelines define "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense.

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. The movant has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir.1977), *cert. denied,* 436 U.S. 910, 98 S.Ct. 2246, 56 L.Ed.2d 409 (1978).

 Where a constitutional error is alleged, in order to obtain relief under 28 U.S.C. § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir.), *cert. denied,* 531 U.S. 884, 121 S.Ct. 200, 148 L.Ed.2d 140 (2000). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001), *cert. denied,* 535 U.S. 967, 122 S.Ct. 1433, 152 L.Ed.2d 377.

## A. Timeliness and Equitable Tolling

The timeliness of Mr. Goodrum's motion is governed by 28 U.S.C. § 2255(f), which provides as follows:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

 "[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States,* 246 F.3d 655, 657 (6th Cir. 2001) (citations omitted). Except in circumstances that are not presented here, a motion to vacate under 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." Mr. Goodrum's conviction became final no later than 19 July 2005, ninety-days from the date the Sixth Circuit Court of Appeals issued its mandate, from which he did not appeal.[2] (Docs. 95, 96).

---

**2.** Petitioner did not file a certiorari petition with the United States Supreme Court after the Sixth Circuit affirmed his conviction on 19 April 2005. Therefore, pursuant to *Clay v. United States,* 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003), Mr. Goodrum's direct appeal became final on 19 July 2005, ninety days after the Sixth Circuit Court of Appeals entered judgment affirming his conviction (the time in which a petition for writ of certiorari could have been filed).

Mr. Goodrum's § 2255 motion, filed on 4 September 2007, exceeded the limitations period by more than 25 months. Accordingly, Mr. Goodrum's § 2255 filing was untimely.

Mr. Goodrum, nevertheless, urges the application of equitable tolling to the limitations period upon the grounds of "newly discovered evidence." Mr. Goodrum avers that his § 2255 petition was filed within one year of discovery of the facts supporting his claim and the facts could not have been discovered through the exercise of due diligence. Specifically, the Petitioner maintains he did not learn of the alteration of his PSI until 3 January 2007, more than four years after the PSI was altered.

To equitably toll the statute of limitations in this instance requires the Court to find that Mr. Goodrum "exercised due diligence" in the discovery of any changes in the PSI and it, further, requires those changes to have substantively affected the calculation of Petitioner's status as a career criminal. The Court takes each issue in turn.

■ This Circuit recognizes that the statute of limitations in § 2255 petitions is subject to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir.2003); *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir.2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). The doctrine of equitable tolling is, however, used "sparingly"—typically "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir.2003).

■ Courts in this Circuit consider five factors when deciding whether to apply the doctrine of equitable tolling in a § 2255 case:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "The petitioner bears the burden of demonstrating that he [or she] is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir.2003).

■ Upon consideration of the *Dunlap* factors, the Court concludes that Mr. Goodrum has failed to carry his burden. The record does not indicate that he acted diligently to pursue his rights. *See Solomon v. United States*, 467 F.3d 928, 933 (6th Cir.2006); *Del Bosque v. United States*, 169 Fed.Appx. 934 (6th Cir.2006). The government provided Mr. Goodrum with specific prior notice of the basis of the career criminal enhancement, the Petitioner agreed to the impact of the enhancement in his plea agreement and, on 19 April 2005, the Sixth Circuit denied his argument that his guilty plea was involuntary because the government had promised it would not apply the career criminal enhancement. (Docs. 41, 43, 96). In light of this record, Mr. Goodman's position that he did not discover the alteration to the PSI until 3 January 2007, more than four years after its alteration, lacks the exercise of due diligence. Moreover, the Petitioner has not missed his statutory deadline by a few days or months, but by more than a year. Petitioner's delay in filing this petition displays a marked lack of diligence in pursuing his rights. Thus, the Court de-

termines that the application of equitable tolling is inappropriate under these circumstances. This petition is clearly barred by the statute of limitations applicable to § 2255.

 Second, even if the alteration of the PSI could be construed as "new evidence" which Mr. Goodrum "discovered through the exercise of due diligence," the alteration had no substantive affect on the Petitioner's status as a career criminal. The Petitioner maintains that his 20 January 1990 conviction for aggravated trafficking should not have been counted toward his career offender status and, as such, his counsel was ineffective in resisting its inclusion into his career offender status calculation.

Mr. Goodrum must show that counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. 2052. Neither the law nor the U.S. Sentencing Guidelines support Mr. Goodrum's assertions.

On 23 April 1990, Mr. Goodrum received an eighteen month term of imprisonment for aggravated trafficking. (PSI, ¶ 39). Initially, the Probation Officer suggested Mr. Goodrum receive three criminal history points for the conviction, but revised that consideration downward to one point pursuant to U.S.S.G. 4A1.1(c). That revision reduced Mr. Goodrum's criminal history category from a level IV to a level III under U.S.S.G. 4A1.1.

That revision of the PSI, however, did not impact Mr. Goodrum's career offender status under U.S.S.G. § 1B1.1. Mr. Goodrum's 20 January 1990 conviction and sub-

sequent imposition of a sentence greater than one year and one month occurred within fifteen years of the instant offense. (U.S.S.G. § 4A1.2(e)(1), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted"; U.S.S.G. § 4B1.2, Application Notes 4, "[t]he provisions of § 4A1.2 are applicable to the counting of convictions under § 4B1.1"). Accordingly, Mr. Goodrum's 1990 conviction for aggravated trafficking was eligible for enhancing his criminal history category to a level VI as a career criminal, pursuant to U.S.S.G. § 4B1.1. In combination with Mr. Goodrum's 7 January 1992 conviction for aggravated trafficking (PSI ¶ 43), the Defendant was eligible for an enhanced career offender status under U.S.S.G. § 4B1.1.

Further, Mr. Goodrum was provided the requisite notice of enhancement (Doc. 41), and entered into a voluntary plea agreement specifically stating that his sentence would be enhanced due to his past, eligible convictions. *See Goodrum v. United States,* 126 Fed.Appx. 713, 717 (6th Cir. 2005) (the Court observed, "[t]he plea agreement, however, specifically stated that [Goodrum's] sentence would be enhanced, both because he qualified as a career offender and because the government had filed a notice of enhancement" on the basis of qualifying convictions).

Finally, the evidence indicates Mr. Goodrum bargained for this career criminal position. As the Sixth Circuit observed in his appeal,

> As part of Goodrum's plea agreement, the government refrained from filing a second prior conviction against Goodrum, which would have resulted in life in prison. This fact weighs against Goodrum's claim that the government misrepresented that he would not be en-

hanced if he cooperated. Not only did the government decline to pursue the second enhancement that would have required life in prison, but it also recommended a substantial assistance departure.

*Id.* In light of the record, and the deficiency and performance standards established in *Strickland,* Mr. Goodrum fails to show ineffective assistance of counsel.

### B. Certificate of Appealability

The Court declines to issue a certificate of appealability ("COA"). 28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483–4, 120 S.Ct. 1595 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

 If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons stated, the Court does not find that Mr. Goodrum has satisfied this showing. Accordingly, the Court declines to issue a certificate of appealability.

### III. Conclusion

The motion, together with the files and record in this case "conclusively show that Defendant is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), 28 U.S.C. § 2255 Rules. Therefore, the Court finds the motion may be resolved without an evidentiary hearing. *United States v. Johnson,* 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562 (1946); *Baker v. United States,* 781 F.2d 85, 92 (6th Cir. 1986). Mr. Goodrum's conviction and sentence are valid and his motion pursuant to 28 U.S.C. § 2255 is denied.

### *JUDGMENT ENTRY*

This Court, having contemporaneously entered its Memorandum of Opinion and Order denying Mr. Goodrum's petition for relief under 28 U.S.C. § 2255, hereby dismisses the matter with prejudice. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that there is no basis on which to

issue a certificate of appealability. Fed. R.App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.