**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4162**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

      v.

CORTEZ MAURICE MALLORY,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge. (8:11-cr-00171-DKC-3)

———————————

Submitted: September 27, 2012      Decided: October 1, 2012

———————————

Before MOTZ, DAVIS, and WYNN, Circuit Judges.

———————————

Affirmed in part, dismissed in part by unpublished per curiam opinion.

———————————

Mark J. Carroll, Potomac, Maryland, for Appellant. William Moomau, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cortez Maurice Mallory appeals from his convictions for bank robbery and entering a bank with intent to commit larceny. The district court accepted the terms of the plea agreement entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and sentenced Mallory to the agreed-upon 97 months in prison. On appeal, counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious issues for appeal, but questioning whether Mallory's guilty plea was valid under Fed. R. Crim. P. 11 and whether the district court erred in permitting a co-defendant to withdraw his motion to suppress. In response, the Government has filed a motion to dismiss in part, seeking to enforce the waiver provision in the plea agreement. Although informed of his right to do so, Mallory has not filed a pro se supplemental brief. We grant the Government's motion and dismiss the appeal in part. Finding Mallory's plea was voluntary, we affirm his convictions.

A defendant may, in a valid plea agreement, waive the right to appeal. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the

accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

In accordance with the language of the plea agreement, we conclude that Mallory knowingly and intelligently waived the right to appeal his conviction and sentence, reserving only the right to appeal a sentence over 97 months. The language of the waiver provision is clear and unambiguous, and at the Rule 11 hearing, the court reviewed the plea agreement, including the waiver. Mallory stated that he understood and accepted the plea agreement. Of significance, Mallory does not challenge either the validity of the waiver provision on appeal or the Government's conclusion that his challenge to the motion to suppress falls within the scope of the waiver. Because Mallory was sentenced as contemplated by the plea agreement, we grant the Government's motion to dismiss in part and dismiss the appeal of Mallory's sentence, as well as the appeal from the withdrawal of the motion to suppress.

However, as the Government notes, a defendant cannot waive a colorable claim that his plea was not knowing or voluntary. Nonetheless, while we review this claim on the merits, our review of the plea transcript reveals that the district court substantially complied with Rule 11 and that Mallory's guilty plea was knowing and voluntary. In addition, we have examined the record pursuant to Anders for any unwaived, meritorious claims for appeal, and we have found none. Accordingly, we affirm Mallory's convictions.

We deny counsel's motion to withdraw at this time. This court requires that counsel inform Mallory in writing of his right to petition the Supreme Court of the United States for further review. If Mallory requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mallory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4