*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0103p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: RENATO ACOSTA,

>                          *Movant.*

No. 06-6032

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 03-00074—Jennifer B. Coffman, District Judge.

Submitted: March 14, 2007

Decided and Filed: March 16, 2007

Before: MARTIN and CLAY, Circuit Judges; POLSTER, District Judge.[*]

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Renato Acosta, a federal prisoner proceeding pro se, moves this court for an order authorizing the district court to consider a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244, 2255 ¶ 8.

In 2004, in accordance with a plea agreement, Acosta entered a plea of guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846.

Acosta was subsequently sentenced to 115 months of imprisonment. In 2005, Acosta filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. A magistrate judge reviewed the motion and determined that Acosta had waived his right to collaterally attack his sentence by the terms of his plea agreement, which he was competent to execute. Nevertheless, the magistrate judge found that Acosta's claims lacked merit and recommended denying the motion. The district court adopted the magistrate judge's recommendation. Acosta did not appeal.

In June 2006, Acosta filed a motion seeking leave to file a motion for collateral review in the district court in order to challenge his sentence on a number of grounds. The district court determined the motion was a successive § 2255 motion and transferred it to us for consideration.

The government asserts that dismissal is in order as Acosta waived his right to collaterally attack his sentence in the plea agreement he executed. We have held that a defendant's informed

---

[*] The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable.  *See Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *see also United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005) (enforcing waiver of right to appeal).  It is worth emphasizing the distinction between appeals like this one, that simply relate to issues a defendant has validly agreed not to appeal or attack collaterally, from those that go to the very validity of a guilty plea.  For example, in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52 (1989), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.[1]  *See Watson*, 165 F.3d at 489 ("A knowing and voluntary waiver of a statutory right is enforceable.  While we do not hold that [a defendant's] waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver, the question of the degree of his culpability is an issue clearly contemplated by, and subject to, his plea agreement.") (quoting *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993)).  In prior cases where we have enforced a waiver provision, it has been clear that the defendant did not articulate a basis for attacking the validity of his plea.[2]  *See McGilvery*, 403 F.3d at 363 n.2; *Watson*, 165 F.3d at 489.

Acosta has not raised a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel.  Further, it is apparent from the record that the district court complied with Fed. R. Crim. P. 11(b)(1)(N), "which requires that, before a guilty plea is accepted, the court must inform the defendant of, and determine that the defendant understands, the terms of any appellate-waiver provision in the plea agreement." *McGilvery*, 403 F.3d at 363.[3]  We find that the waiver was valid and Acosta may not collaterally attack his sentence under 28 U.S.C. § 2255.[4]  *See Caruthers*, 458 F.3d at 472 n.6.  Accordingly, we cannot grant him leave to file a successive motion to vacate.  The motion is denied.

---

[1]This shortcoming has not deterred the government from seeking dismissal on this basis in a number of other cases before our Court.

[2]Although claims that a guilty plea was not knowing and voluntary, or was the product of ineffective assistance of counsel are those that first come to mind as claims that generally cannot be waived, our focus on them is not intended to suggest that they constitute an exclusive list.  *See, e.g., United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir. 2006) ("[A]n appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded.").

[3]Rule 11(b)(1)(N) explicitly applies both to waivers of appeal and of collateral attack, and it naturally follows that the requirements it imposes upon a district court must be followed before either type of waiver can be enforced.

[4]Even if we were to consider the motion on its merits, it does not appear to be meritorious.  In order to obtain permission to file a second or successive motion to vacate under 28 U.S.C. § 2255, Acosta must establish that: 1) there is newly discovered evidence which, if proven and viewed in light of the evidence as a whole, sufficiently establishes that no reasonable factfinder would have found him guilty; or 2) a new rule of constitutional law applies to his case that the Supreme Court has made retroactive to cases on collateral review.  *See* 28 U.S.C. § 2244(b); *In re Green*, 144 F.3d 384, 388 (6th Cir. 1998).  Acosta has not alleged any newly discovered evidence and has not cited a new rule of constitutional law that has been made retroactive to his case; the Supreme Court's decision in *Apprendi* was issued four years prior to Acosta's offense and guilty plea.