NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1090n.06

No. 11-6195

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
***Oct 18, 2012***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | On Appeal from the United |
| v. | ) | States District Court for the |
| | ) | Eastern District of Tennessee |
| ROCENDO RIVERA, | ) | |
| | ) | |
| *Defendant-Appellant*. | ) | |

Before: CLAY and WHITE, Circuit Judges; and HOOD, District Judge.[*]

**Hood, District Judge**.  Defendant-Appellant Rocendo Rivera argues that no reasonable jury could have concluded that he used or carried a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A).  He thus argues that the district court erred when it denied his motions for judgment of acquittal as to Count Five of the indictment.  We disagree.  For the reasons set forth below, the judgment of the district court is **AFFIRMED**.

**BACKGROUND**

In spring 2010, the Federal Bureau of Investigation and the Loudon County Sheriff's Office developed a confidential informant (C.I.) to investigate the drug trafficking activities of Omar Rivera, who is Defendant's brother.  Agents paid the C.I. to make controlled cocaine and marijuana purchases from Omar Rivera.  During two of these controlled purchases, on July 8, 2010, and August

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

4, 2010, Defendant delivered drugs to the C.I. on Omar Rivera's behalf. This appeal concerns the August 4, 2010 transaction. On that occasion, the C.I. called Omar Rivera and ordered an "eight ball" of cocaine and a .25 caliber pistol. Officers observed Defendant get into the C.I.'s vehicle, at which time he delivered to the C.I. approximately 3.5 grams of cocaine, an unloaded pistol, and a bag with a magazine and loose bullets in exchange for four hundred dollars cash.

Defendant was originally charged in a six-count indictment in the United States District Court for the Eastern District of Tennessee. The only count that is relevant to this appeal is Count Five of the indictment, which charged Defendant with using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). At the close of the government's case-in-chief and at the close of all of the evidence, Defendant moved for a judgment of acquittal on all counts under Rule 29 of the Federal Rules of Criminal Procedure, but the district court denied both motions. The jury then convicted Defendant of Counts One, Two, Four and Five of the indictment, and he was sentenced to seventy-five months' imprisonment.

Defendant filed this timely appeal from Count Five of the indictment, arguing that there was insufficient evidence for the jury to convict him of using or carrying a firearm during and in relation to a drug trafficking crime under § 924(c)(1)(A). He therefore argues that the district court erred when it denied his motions for judgment of acquittal.

## STANDARD OF REVIEW

"This court reviews *de novo* a denial of a motion for judgment of acquittal." *United States v. Ramirez*, 635 F.3d 249, 255 (6th Cir. 2011) (quoting *United States v. Solorio*, 337 F.3d 580, 588 (6th Cir. 2003)). The denial should be affirmed "if the evidence, viewed in the light most favorable to the government, would allow a rational trier of fact to find the defendant guilty beyond a

reasonable doubt." *Solorio*, 337 F.3d at 588 (quoting *United States v. Harrod*, 168 F.3d 887, 889–90 (6th Cir. 1999)). The standard is a great obstacle to overcome and presents the appellant in a criminal case with a very heavy burden. *United States v. Winkle*, 477 F.3d 407, 413 (6th Cir. 2007); *United States v. Jackson*, 473 F.3d 660, 669 (6th Cir. 2007).

## DISCUSSION

18 U.S.C. § 924(c)(1)(A) imposes a minimum five-year term of imprisonment upon a person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm." Thus, to convict Defendant under § 924(c)(1)(A), the government had to prove two elements: (1) that Defendant used or carried a firearm; (2) during and in relation to a drug trafficking crime. *United States v. Warwick*, 167 F.3d 965, 971 (6th Cir. 1999).

Because the United States only needed to prove that Defendant either used or carried a firearm, it chose to focus its arguments both at trial and on appeal on a carriage theory. *See United States v. Layne*, 192 F.3d 556, 569 (6th Cir. 1999) ("Where an indictment, such as the one in this case, charges a defendant with both 'using' and 'carrying' a firearm under § 924(c)(1)(A), evidence sufficient to support a conviction under either element will sustain a § 924 conviction.") (citing *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Because we agree that Defendant carried a firearm during and in relation to his drug trafficking crime, an analysis of whether Defendant used a firearm is unnecessary. *United States v. Mauldin*, 109 F.3d 1159, 1161 (6th Cir. 1997) (holding that it was unnecessary to determine whether or not the defendant was using a firearm if the carry prong is satisfied).

A defendant carries a firearm under § 924(c)(1)(A) not only when he bears it on his person, but also if he "knowingly possesses and conveys firearms in a vehicle, including in the locked glove

3

compartment or trunk of a car, which [he] accompanies." *Muscarello v. United States*, 524 U.S. 125, 126–27 (1998). "After *Muscarello*, this court concluded that, to constitute a 'carrying' offense, the firearm need not be immediately available for use and that 'the proper inquiry [in determining whether a firearm is being 'carried'] is physical transportation' of the firearm." *United States v. Combs*, 369 F.3d 925, 933 (6th Cir. 2004) (alteration in original) (quoting *Hilliard v. United States*, 157 F.3d 444, 449 (6th Cir. 1998)); *accord United States v. Robinson*, 290 F.3d 853, 878 (6th Cir. 2004). Here, it is undisputed that Defendant brought the firearm to the drug transaction and delivered the firearm and cocaine to the C.I. in exchange for cash. Although the firearm was unloaded, we have held that a "weapon need not be operable or loaded to sustain a conviction under § 924(c)" for a carry offense. *Robinson*, 390 F.3d at 878.

Of course, a finding that Defendant carried a firearm is not enough to subject him to the punishment in § 924(c)(1)(A). *Smith v. United States*, 508 U.S. 223, 237 (1993). Rather, Defendant also must have carried a firearm "during and in relation to" his drug trafficking crime. *Id.*; § 924(c)(1)(A). Defendant does not deny that the firearm was present during the drug trafficking crime, nor could he. Both parties agree that Defendant concurrently exchanged both the firearm and the cocaine for cash.

Instead, Defendant argues that his carrying of the firearm cannot have been in relation to his drug trafficking crime. The "in relation to" requirement is "expansive"; at a minimum, it means that "the firearm must have some purpose or effect with respect to the drug trafficking crime." *Smith*, 508 U.S. at 237–38. Specifically, "its presence or involvement cannot be the result of accident or coincidence," and its presence "at least must facilitate, or have the potential of facilitating, the drug trafficking offense." *Id.* at 238 (internal citation omitted). This court looks to the totality of the

4

circumstances when deciding whether a firearm has been carried in relation to a drug transaction, not the specific intentions of the defendant. *Warwick*, 167 F.3d at 971.

In this case, the totality of the circumstances indicates that the firearm was not present by mere accident or coincidence, but was carried to facilitate the drug transaction. An example of a mere accident or coincidence can be found in *United States v. Nance*, 40 F. App'x 59 (6th Cir. 2002) (unpublished). In *Nance*, the defendant was in the process of moving out of his apartment when he was caught by the police engaging in a drug transaction, at which time the police found firearms in the trunk alongside the rest of his belongings. *Id.* at 66. Contrarily in this case, the firearm's presence was the exact opposite of an accident or coincidence, because the C.I. specifically requested to purchase a firearm and Defendant brought one to him.

The fact that Defendant was carrying this particular firearm for sale and not necessarily for his own protection does not preclude a finding that he carried the firearm to facilitate the drug transaction. This court rejected this argument in *Warwick*, noting that just because a "gun is treated momentarily as an item of commerce does not render it inert," since "it can be converted instantaneously from currency to cannon." *Warwick*, 167 F.3d at 972 (quoting *Smith*, 508 U.S. at 240). At the very least, Defendant's possession of the firearm's components had the potential to facilitate his drug trafficking offense, which is sufficient to satisfy the "in relation to" element of § 924(c)(1)(A). *Id.* ("Indeed the evidence indicates that these firearms at the very least had the potential of facilitating Warwick's drug trafficking offenses. The law requires no more.").

This court has not previously had occasion to address the issue of whether the contemporaneous sale of drugs and a firearm in exchange for money constitutes carrying a firearm during and in relation to a drug trafficking crime under § 924(c)(1)(A), but the Fourth and Eleventh

Circuits have answered that question affirmatively, albeit with slightly different reasoning. *United States v. Timmons*, 283 F.3d 1246 (11th Cir. 2002); *United States v. Lipford*, 203 F.3d 259 (4th Cir. 2000). The Fourth Circuit based its decision on the notion that the offer to purchase firearms along with drugs makes the sale more desirable to the seller, thus facilitating the transaction in its entirety. *Lipford*, 203 F.3d at 267. The court reasoned that:

> [A] drug purchaser can often "sweeten the pot," offering to purchase not only drugs, but other illegal goods as well. Where that other illegal good is a firearm, that gun's involvement in the transaction is not "spontaneous" or "co-incidental;" on the contrary, the firearm facilitates the drug transaction, making it possible for the drug buyer to get the drug seller to take the risks inherent in selling contraband.

*Id.* Alternatively, when the defendant in *Timmons* sold drugs and a firearm to an undercover officer together in a shoebox, the Eleventh Circuit examined the purpose of § 924(c)(1)(A), which is primarily "to combat the dangerous combination of drugs and guns." *Timmons*, 283 F.3d at 1251. The court reasoned that "it would flout the purpose of the statute to hold anything but that the gun was carried 'during and in relation' to the drug offense" since the firearm and drugs were contained in the same box and sold simultaneously. *Id.* at 1252 (citing § 924(c)(1)(A)). Given the factual similarity of those cases to this one and the consistency of the conclusions with this court's precedent in *Warwick*, we agree with the compelling reasoning of the Fourth and Eleventh Circuits. Here, given that the C.I. ordered a firearm and drugs, and Defendant dutifully delivered the firearm components and drugs as requested, it would indeed flout the purpose of § 924(c)(1)(A) were we to hold that the firearm did not facilitate the drug trafficking offense.

## CONCLUSION

Because the district court did not commit error when it denied Defendant-Appellant Rocendo Rivera's motions for judgment of acquittal, we **AFFIRM** the judgment of the district court.