NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0223n.06

No. 14-2132

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 24, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

PHILLIP COLE,

      Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:     CLAY, KETHLEDGE, and DONALD, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Phillip Cole appeals the district court order sentencing him to 15 months of imprisonment for knowingly failing to update his sex offender registration, in violation of 18 U.S.C. § 2250(a). Defendant has waived his right to appellate review. We therefore **DISMISS** the appeal.

## BACKGROUND

Defendant was convicted in 2003 of two counts of transportation of minors for illegal sexual activity, in violation of 18 U.S.C. § 2423(a). He was sentenced to 57 months of imprisonment. As a condition of his sentence, Defendant was required to annually register as a sex offender in the state of his residence following his release. He was responsible for ensuring that authorities were apprised of his current address, to be listed on the public registry. If he moved, he had 10 days to inform law enforcement officials, in person, of his new residence; if he relocated to another state, he had 14 days to register with the authorities of the new jurisdiction.

Defendant was released in 2007. He initially registered with the Michigan authorities and updated his information annually. But he failed to timely register in 2012 and was indicted in September of that year. In July of 2013, Defendant was arrested following a traffic stop in Columbus, Ohio. At that time, he informed the authorities that he was living in Clinton Township, Michigan. The last time he registered, in April 2011, he had listed as his permanent address a residence in Detroit.

Defendant pleaded guilty to one count of failure to register, in violation of 18 U.S.C. § 2250(a), on April 8, 2014. The plea agreement acknowledged a disagreement between Defendant and the government with respect to the applicable guidelines range. The basis of the dispute was the proper interpretation of § 2A3.5 of the sentencing guidelines. Defendant's view suggested that the appropriate guidelines range was 10 to 16 months, whereas the government's view suggested 15 to 21 months. The agreement provided that the district court would decide between the two interpretations, and that the court's decision could not provide a basis for Defendant's withdrawal from the plea. The agreement also included an appellate-waiver provision. The court sided with the government and sentenced Defendant to 15 months of imprisonment, the minimum term under the higher guidelines range. This appeal followed.

## DISCUSSION

The government draws our attention to the appellate waiver in Defendant's plea agreement. We consider this at the outset and find that our review of the merits is foreclosed by the appellate-waiver provision. A plea agreement is merely a contract between a defendant and the government; we are typically bound by its terms. *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011). It is well-established that a defendant is entitled to bargain away his right to appellate review. *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001). Thus, a valid

waiver may preclude a challenge to the correct application of the sentencing guidelines. *United States v. Beals*, 698 F.3d 248, 256 (6th Cir. 2012) ("[W]e [have] held that an appeal waiver that extinguished a defendant's right to appeal any sentence within or below the guideline range *as determined by the Court at sentencing* . . . precluded any challenge to the district court's Guideline calculation." (internal quotation marks omitted)).

We will not review a sentence in the face of a valid waiver, save for a few "limited circumstances." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) (internal quotation marks omitted). Defendant does not allege ineffective assistance of counsel, *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007), that the government violated the terms of the agreement, *United States v. Swanberg*, 370 F.3d 622, 627–28 (6th Cir. 2004), or that the government failed to timely raise the waiver issue, *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998), nor could he. The district court was not, as Defendant suggests, required to specifically ask whether or not he understood the appellate-waiver provision of the plea agreement. *United States v. Sharp*, 442 F.3d 946, 951–52 (6th Cir. 2006). A waiver is valid so long as it is "voluntarily and knowingly made." *United States v. Murdock*, 398 F.3d 491, 496–97 (6th Cir. 2005). Where the "provision was discussed in open court" and Defendant affirmed that he understood the agreement, entered it voluntarily, acknowledged having "read [and] . . . discussed it with his attorney, and [he] does not claim that his attorney's explanation of the appellate-waiver provision was inadequate," the waiver is valid. *Sharp*, 442 F.3d at 952.

Defendant agreed to accept without appeal any sentence not exceeding the upper-limit of his guidelines range. The agreement did not specify the applicable guidelines range. Construing any ambiguity in Defendant's favor, as we must, *United States v. Jones*, 569 F.3d 569, 572 (6th Cir. 2009), the provision applies to any term fewer than 17 months. His 15-month

sentence falls comfortably within this waiver. Defendant has no right to this appeal or to challenge the district court's interpretation of the sentencing guidelines. That is the bargain he struck as part of his decision to enter a plea agreement. In any event, we also find the merits of Defendant's appeal unpersuasive.

## CONCLUSION

The appellate-wavier provision is valid and applicable to this case. The appeal is **DISMISSED**.