DAMON J. KEITH, Circuit Judge,
dissenting.
The United States Supreme Court has adopted the principle that, “[w]hen a court of appeals raises a procedural impediment to disposition on the merits, and disposes of the case on that ground, the district court’s labor is discounted and the appellate court acts not as a court of review but as one of first view.” Wood v. Milyard, 566 U.S. 463, 132 S.Ct. 1826, 1834, 182 L.Ed.2d 733 (2012). The majority in this matter has disregarded this principle and acted as the court of first view. That is why I cannot join the majority in this unpublished decision.
This case is presented to this court following Mr. Garner’s petition to file a second, successive habeas petition in accordance with 28 U.S.C. § 2244(b). It is true that Mr. Garner signed a plea agreement which purportedly waived his right to collaterally appeal his sentence. However, Mr. Gamer argues that he did not knowingly and intelligently enter into the waiver that he signed. Additionally, Mr. Garner argues contractual defenses that he claims would otherwise invalidate the appeal waiver in his plea agreement.
The majority relies on this court’s decision in Bradley to argue that Mr. Garner’s petition should be dismissed on account of the waiver he signed in his plea agreement—despite the fact that Gamer challenges the very validity of the waiver. However, Bradley was decided on direct appeal, not in a petition to file a second, successive petition. See U.S. v. Bradley, 400 F.3d 459, 460, 461 (6th Cir. 2005). This distinction is critical because this court’s role at the second, successive petition stage is only to give permission to file—not to adjudicate—a second collateral challenge to a sentence. We grant second, successive petitions based simply on “a showing of possible merit sufficient to “warrant a fuller exploration by the district court.’ ” In re Watkins, 810 F.3d 375, 379 (6th Cir. 2015) (quoting In re Lott, 366 F.3d 431, 432-433 (6th Cir. 2004)).
This court applies a “lenient” prima facie standard in the second, successive petition context. In re Lott, 366 F.3d at 433. Our “lenient” review at this stage is a vital protection for'petitioners because the denial of a second, successive petition by this Court is not appealable and not subject to petitions for rehearing or a writ of certio-rari. Id.; 28 U.S.C. § 2244(b)(3)(e). The lenient prima facie standard should have been applied here because, at this stage, we have no record or fact-finding on the circumstances surrounding Mr. Garner’s collateral appeal waiver or his challenge thereto. Thus, while Bradley may be persuasive to suggest that a waiver of collateral appeal rights in plea agreement will generally be upheld as valid by the district court, that ultimate finding is for the district court to make.
While the majority cites a host of cases from other jurisdictions to support its *445 claim that “all of the courts of appeals, save one, have followed the same path marked after Booker ... [and] have enforced appeal waivers to bar Johnson claims,” none of these holdings were made at the second, successive petition stage. For example, United States v. Agurs, 629 Fed.Appx, 288 (3d Cir. 2015) was a direct appeal in which the defendant claimed that his plea was involuntary because he did not know about a case holding that already existed when he entered into the plea agreement. Additionally, United States v. Bey, 825 F.3d 75 (1st Cir. 2016) was a direct appeal in which Defendant did not challenge the validity of the waiver and there was no new Supreme Court case which would have affected his sentence. Likewise, United States v. Blackwell, 651 Fed.Appx. 8 (2d Cir. 2016) (order) was a direct appeal decided by unpublished order. Similarly, United States v. Ford, 641 Fed.Appx. 650 (8th Cir. 2016) was a direct appeal in which the waiver was enforced, but the defendant did not make any argument that the waiver was invalid. Further, United States v. Hurtado, — Fed.Appx, —, 2016 WL 3410270 (10th Cir. 2016) was a direct appeal in which defendant conceded that the waiver barred appeal. Finally, United States v. Torres, 828 F.3d 1113, 1125 (9th Cir. 2016) was a direct appeal involving no argument challenging the validity of the waiver. However, the court in Torres nonetheless held that a possibly unconstitutional sentence under Johnson would necessarily render the waiver invalid. The Ninth Circuit stated the following:
[b]ased on the Government’s concession, we assume without deciding that Johnson’s holding nullifies § 4B1.2(a)(2)’s identically worded residual clause. We therefore accept the Government’s concession that the district court sentenced Torres pursuant to a provision in the Guidelines that is unconstitutionally vague. This renders Torres’s sentence ‘illegal,’ and therefore the waiver in his plea agreement does not bar this appeal.
Torres, 828 F.3d at 1125. Altogether, the cases cited by the majority do not support the notion that a collateral appeal waiver in a plea agreement commands the denial of a second, successive petition brought in accordance with 28 U.S.C. § 2244(b) when the petitioner challenges the very validity of his or her waiver.
Rather, in the only instance in which this court has dismissed a second, successive petition on the basis of a collateral appeal waiver in a plea agreement, we stated that, “it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.” In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007) (emphasis added). Indeed, this court has frequently recognized that waivers can be invalid or inapplicable under a variety of theories similar to Mr. Garner’s challenge on appeal. See, e.g., United States v. McBride, 826 F.3d 293, 295 (6th Cir. 2016) (defendant “could not have intentionally relinquished a claim based on Johnson, which was decided after his sentencing”); United States v. Caruthers, 458 F.3d 459, 472 (6th Cir. 2006) (“an appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded”); United States v. Amos, 604 Fed.Appx. 418, 422 (6th Cir.), cert. denied, — U.S.—, 136 S.Ct. 114, 193 L.Ed.2d 91 (2015) (“we have yet to settle whether a district court’s error in determining a defendant to be an armed career criminal results in a supra-maximal sentence, thereby barring an appeal waiver”).
Because Mr. Garner, in the absence of a collateral appeal waiver, made a timely prima facie showing of relief in light of *446 Johnson after being sentenced under an identical residual clause in USSG § 4B1.2(a)(2), and has challenged the validity of the collateral appeal waiver in his plea agreement, we should.treat him like any other such petitioner and grant the petition to be held in abeyance until the Supreme Court rules on the issue in Bedeles. See In re Embry, 831 F.3d 377, 382 (6th Cir. 2016); see also In re Patrick, 833 F.3d 684, 587-90 (6th Cir. 2016); cf. In re Acosta, 480 F.3d at 422. Whether Mr. Garner validly waived his collateral appeal rights in light of Johnson and the upcoming decision in Beckles is an issue for the district court. ,
For these reasons, I dissent.