NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0089n.06

Case No. 24-3865

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Feb 19, 2026

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| STEVEN SARIS, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: BATCHELDER, THAPAR, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Steven Saris pleaded guilty to several financial crimes arising from his operation of illegal gambling businesses. In a plea agreement, Saris waived his right to appeal his sentence except in very narrow circumstances. Saris now challenges the reasonableness of his sentence and the enforceability of the appellate waiver in his plea agreement. Because we enforce the plea agreement, we dismiss Saris's appeal.

**I.**

For over a decade, Steven Saris was a major player in the illegal-gambling industry. In Ohio and Florida, he owned and ran at least nine gambling facilities.

Saris made a lot of money. But he reported very little of his earnings to tax authorities. Law enforcement eventually discovered that, during a seven-year period, Saris earned over $10.5 million in unreported income, resulting in an estimated tax loss of $2.8 million.

A grand jury indicted Saris for numerous financial crimes. Pursuant to a plea agreement, Saris pleaded guilty to one count of tax evasion, in violation of 26 U.S.C. § 7201; one count of operating an illegal gambling business, in violation of 18 U.S.C. § 1955; and two counts of money laundering, in violation of 18 U.S.C. § 1957. In his plea agreement, Saris waived his right to appeal his sentence unless his sentence: (1) exceeded the statutory maximum, or (2) "exceed[ed] the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court." R. 42, PageID 139. The parties agreed to an adjusted offense level of 28 in the plea agreement.

The case proceeded to sentencing. The district court determined that, in accordance with the plea agreement, Saris's Guidelines range was 87 to 108 months. That range exceeded the probation office's recommended range of 57 to 71 months. Saris's counsel asked the district court to adopt the probation office's recommended Guidelines range. But recognizing that there was a plea agreement, the court stopped counsel and asked whether he was suggesting that Saris wanted to revoke his plea. Saris interjected and said that he did not want to do that. The court imposed a sentence of 90 months' imprisonment. Saris timely appealed.

## II.

Saris seeks to challenge the procedural reasonableness of his sentence. But the government argues that Saris waived his right to appeal his sentence in his plea agreement.

A defendant may waive certain rights in a plea agreement. *United States v. Presley*, 18 F.4th 899, 902 (6th Cir. 2021). This includes the right to appeal one's sentence. *See United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006). Saris may challenge his appellate waiver "only on grounds that it was not knowing and voluntary, was not taken in compliance with Fed.

R. Crim. P. 11, or was the product of ineffective assistance of counsel." *Presley*, 18 F.4th at 902 (citation modified). We review de novo whether a "defendant has waived appellate rights in a valid plea agreement." *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015).

In his plea agreement, Saris waived the right to appeal his sentence unless his sentence exceeded the statutory maximum or the top of the Guidelines range as determined by the parties' stipulated adjusted offense level and the district court's criminal history computation. Saris does not argue that his appellate waiver was unknowing or involuntary. Nor does he contest the district court's compliance with Rule 11 procedures. He claims only that his counsel provided ineffective assistance at sentencing by refusing to advance an argument that conflicted with Saris's plea agreement. But even if Saris received ineffective assistance at sentencing, that does not mean his appellate waiver was the "product of" such conduct. *Presley*, 18 F.4th at 902 (quotation omitted). Thus, any ineffective assistance by Saris's counsel at sentence would not impact the validity of his appeal waiver. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Because Saris has not shown that his appellate waiver is invalid, his challenge to his sentence is barred. And we decline to consider his ineffective-assistance claim on direct review as it is "best brought . . . in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on this issue." *United States v. Foster*, 376 F.3d 577, 593 (6th Cir. 2004) (quotation omitted).

## III.

For these reasons, we **DISMISS** Saris's appeal.